UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X

JOHN D. SAMUEL,                                :
                                                            07 CIV 9547 (SHS)
            Plaintiff,                             :

  -against-                                       :

JP MORGAN CHASE BANK, THOMAS ENGLE, and     :   ANSWER
AL CARPETTO,
                                               :
            Defendants.
------------------------------------- X

      JPMorgan Chase Bank, N.A., ("JPMorgan Chase"), Thomas Engle ("Engle") and Al Carpetto ("Carpetto") (collectively, "Defendants"), by their attorneys, the JPMorgan Chase Legal Department, Stacey L. Blecher, Assistant General Counsel, as and for their Answer to the Verified Complaint ("Complaint") of Plaintiff John D. Samuel ("Plaintiff"), state as follows:

## AS TO NATURE OF THE ACTION

      1.    Deny each and every allegation set forth in Paragraph 1 of the Complaint, except state that Plaintiff purports to bring claims for alleged retaliation and race and color discrimination against Defendants.

      2.    Deny each and every allegation set forth in Paragraph 2 of the Complaint.

      3.    Deny each and every allegation set forth in Paragraph 3 of the Complaint, except state that Plaintiff purports to seek damages for alleged retaliation and race and color discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

163188:v1

2000e *et seq*. ("Title VII"), and the New York City Human Rights (Administrative) Law, §8-107 *et seq*. ("NYCHRL").

## AS TO EXHAUSTION OF REMEDIES

4. The allegations set forth in Paragraph 4 of the Complaint constitute invocations as to exhaustion of remedies as to which no response is required. To the extent that a response is required, Defendants refer to Plaintiff's Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC") for its content and meaning and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 4 of the Complaint.

5. The allegations set forth in Paragraph 5 of the Complaint constitute invocations as to exhaustion of remedies as to which no response is required. To the extent that a response is required, Defendants refer to the Notice of Right to Sue issued by the EEOC for its content and meaning and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 of the Complaint.

6. The allegations set forth in Paragraph 5 of the Complaint constitute invocations as to exhaustion as to which no response is required. To the extent that a response is required, Defendants refer to the Notice of Right to Sue issued by the EEOC for its content and meaning and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 of the Complaint.

## AS TO JURISDICTION AND VENUE

7. The allegations set forth in Paragraph 7 of the Complaint constitute invocations as to jurisdiction as to which no response is required. To the extent that a response is required, the allegations set forth in Paragraph 7 are denied.

8. The allegations set forth in Paragraph 8 of the Complaint constitute invocations as to jurisdiction as to which no response is required. To the extent that a response is required, the allegations set forth in Paragraph 8 of the Complaint are denied.

9. The allegations set forth in Paragraph 9 of the Complaint constitute invocations as to venue as to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 9 of the Complaint, and state that venue is proper in the Southern District of New York, where the present action has been brought.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the Paragraph 10 of the Complaint.

## AS TO PARTIES

11. Admit the allegation set forth in Paragraph 11 of the Complaint that Plaintiff is a man. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of the Complaint pertaining to whether Plaintiff is black and African-American. The remaining allegations set forth in Paragraph 11 of the Complaint seek a legal conclusion as to whether Plaintiff is an employee under Title VII and the NYCHRL, as to which no response is required.

12. The allegations set forth in Paragraph 12 of the Complaint seek a legal conclusion as to whether JPMorgan Chase is an employer under Title VII, as to which no response is required.

13. The allegations set forth in Paragraph 13 of the Complaint seek a legal conclusion as to whether JPMorgan Chase is an employer under the NYCHRL, as to which no response is required.

14. Deny each and every allegation set forth in Paragraph 14 of the Complaint, except state that Engle is employed by JPMorgan Chase and served as Plaintiff's supervisor from in or around August 2005 to in or around December 2006, the effective date of Plaintiff's termination of employment.

15. Deny each and every allegation set forth in Paragraph 15 of the Complaint, except state that Carpetto was employed by JPMorgan Chase from in or around July 1989 to in or around July 2007.

## AS TO STATEMENT OF CLAIMS

16. In response to Paragraph 16 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 15 with the same force and effect as though fully set forth herein.

17. Deny each and every allegation set forth in Paragraph 17 of the Complaint, except state that Plaintiff became employed by JPMorgan Chase on April 29, 1996 as a Technical Service Representative.

18. Admit the allegations set forth in Paragraph 18 of the Complaint.

19. Deny each and every allegation set forth in Paragraph 19 of the Complaint, except state that at the time of his termination from employment on December 27, 2006, Plaintiff was a Vice President and Treasury Management Officer with North America Financial Institutions Department of Treasury Services Western Hemisphere Sales Department ("WHEM") (Financial Services Companies & Banks Team).

20. Deny each and every allegation set forth in Paragraph 20 of the Complaint.

21. Deny each and every allegation set forth in Paragraph 21 of the Complaint.

22. Deny each and every allegation set forth in Paragraph 22 of the Complaint.

23. Deny each and every allegation set forth in Paragraph 23 of the Complaint.

24. Deny each and every allegation set forth in Paragraph 24 of the Complaint.

25. Deny each and every allegation set forth in Paragraph 25 of the Complaint, except state that Plaintiff spoke with Corporate Employee Relations ("ER") in or around September 2004 in connection with an ER investigation.

26. Deny each and every allegation set forth in Paragraph 26 of the Complaint.

27. Deny each and every allegation set forth in Paragraph 27 of the Complaint.

28. Deny each and every allegation set forth in Paragraph 28 of the Complaint.

29. Deny each and every allegation set forth in Paragraph 29 of the Complaint.

30. Deny each and every allegation set forth in Paragraph 30 of the Complaint.

31. Deny each and every allegation set forth in Paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33. Deny each and every allegation set forth in Paragraph 33 of the Complaint.

34. Deny each and every allegation set forth in Paragraph 34 of the Complaint.

35. Deny each and every allegation set forth in Paragraph 35 of the Complaint.

36. Deny each and every allegation set forth in Paragraph 36 of the Complaint.

37. Deny each and every allegation set forth in Paragraph 37 of the Complaint.

38. Deny each and every allegation set forth in Paragraph 38 of the Complaint.

39. Deny each and every allegation set forth in Paragraph 39 of the Complaint.

40. Deny each and every allegation set forth in Paragraph 40 of the Complaint, except state that Engle remarked to Plaintiff that Plaintiff seemed agitated about having to attend the meeting.

41.     Deny each and every allegation set forth in the first sentence of Paragraph 41 of the Complaint, except state that Plaintiff denied being agitated about having to attend the meeting. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 41 of the Complaint.

42.     Deny each and every allegation set forth in the first sentence of Paragraph 42 of the Complaint, except state that right after the conclusion of the meeting, Engle told Plaintiff that he was sorry if he had been mistaken about the perceived agitation on Plaintiff's part. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 42 of the Complaint.

43.     Deny each and every allegation set forth in Paragraph 43 of the Complaint.

44.     Deny each and every allegation set forth in Paragraph 44 of the Complaint.

45.     Deny each and every allegation set forth in Paragraph 45 of the Complaint.

46.     Deny each and every allegation set forth in Paragraph 46 of the Complaint.

47.     Deny each and every allegation set forth in Paragraph 47 of the Complaint.

48.     Deny each and every allegation set forth in Paragraph 48 of the Complaint.

49.     Deny each and every allegation set forth in Paragraph 49 of the Complaint.

50.     Deny each and every allegation set forth in Paragraph 50 of the Complaint.

51.     Deny each and every allegation set forth in Paragraph 51 of the Complaint.

52.     Deny each and every allegation set forth in Paragraph 52 of the Complaint.

53.     Deny each and every allegation set forth in Paragraph 53 of the Complaint.

54.     Deny each and every allegation set forth in Paragraph 54 of the Complaint.

55.     Deny each and every allegation set forth in Paragraph 55 of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint.

59. Deny each and every allegation set forth in Paragraph 59 of the Complaint.

60. Deny each and every allegation set forth in Paragraph 60 of the Complaint.

61. Admit the allegations set forth in the first two sentences of Paragraph 61 of the Complaint. Deny each and every allegation set forth in the third sentence of Paragraph 61 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fourth sentence of Paragraph 61 of the Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence of Paragraph 62 of the Complaint. Deny each and every allegation set forth in the remaining allegations set forth in Paragraph 62 of the Complaint.

63. Deny each and every allegation set forth in Paragraph 63 of the Complaint.

64. Deny each and every allegation set forth in Paragraph 64 of the Complaint.

65. Deny each and every allegation set forth in Paragraph 65 of the Complaint.

66. Deny each and every allegation set forth in Paragraph 66 of the Complaint.

67. Deny each and every allegation set forth in Paragraph 67 of the Complaint.

68. Deny each and every allegation set forth in Paragraph 68 of the Complaint.

69. Deny each and every allegation set forth in Paragraph 69 of the Complaint.

70. Deny each and every allegation set forth in Paragraph 70 of the Complaint.

71. Deny each and every allegation set forth in Paragraph 71 of the Complaint.

72. Deny each and every allegation set forth in Paragraph 72 of the Complaint.

73. Deny each and every allegation set forth in Paragraph 73 of the Complaint.

74. Deny each and every allegation set forth in Paragraph 74 of the Complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 75 of the Complaint. Deny each and every allegation set forth in the remaining sentences of Paragraph 75 of the Complaint.

76. Deny each and every allegation set forth in Paragraph 76 of the Complaint.

77. Deny each and every allegation set forth in Paragraph 77 of the Complaint.

78. Deny each and every allegation set forth in Paragraph 78 of the Complaint.

79. Deny each and every allegation set forth in Paragraph 79 of the Complaint, except state that Laura Cushing, the new Human Resources Business Partner for Plaintiff's area, reached out to Plaintiff to meet with him.

80. Deny each and every allegation set forth in Paragraph 80 of the Complaint.

81. Deny each and every allegation set forth in Paragraph 81 of the Complaint.

82. Deny each and every allegation set forth in Paragraph 82 of the Complaint.

83. Admit the allegations set forth in Paragraph 83 of the Complaint.

84. Deny each and every allegation set forth in Paragraph 84 of the Complaint.

85. Deny each and every allegation set forth in Paragraph 85 of the Complaint, except state that Cushing advised him that his outstanding Value Shares, if any, would need to be executed by the date of his termination and provided him with supporting materials..

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 86 of the Complaint. Deny each and every remaining allegation set forth in Paragraph 86 of the Complaint.

87. Deny each and every allegation set forth in Paragraph 87 of the Complaint.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 88 of the Complaint. Deny each and every remaining allegation set forth in Paragraph 88 of the Complaint.

89. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 89 of the Complaint.

90. Deny each and every allegation set forth in Paragraph 90 of the Complaint, except state that Plaintiff informed JPMorgan Chase on or about December 27, 2006 that he was resigning his employment.

91. Deny each and every allegation set forth in Paragraph 91 of the Complaint.

92. Deny each and every allegation set forth in Paragraph 92 of the Complaint.

93. Deny each and every allegation set forth in Paragraph 93 of the Complaint.

94. Deny each and every allegation set forth in Paragraph 94 of the Complaint.

95. Deny each and every allegation set forth in Paragraph 95 of the Complaint.

## AS TO AS AND FOR THE FIRST CLAIM

## HARASSMENT ON THE BASIS OF RACE IN VIOLATION OF TITLE VII

96. In response to Paragraph 96 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 95 with the same force and effect as though fully set forth herein.

97. Deny each and every allegation set forth in Paragraph 97 of the Complaint.

98. Deny each and every allegation set forth in Paragraph 98 of the Complaint.

99. Deny each and every allegation set forth in Paragraph 99 of the Complaint.

100. Deny each and every allegation set forth in Paragraph 100 of the Complaint.

101. Deny each and every allegation set forth in Paragraph 101 of the Complaint.

### AS TO AS AND FOR THE SECOND CLAIM

### DENIAL OF TERMS AND CONDITIONS BASED ON RACE

### IN VIOLATION OF TITLE VII

102. In response to Paragraph 102 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 101 with the same force and effect as though fully set forth herein.

103. Deny each and every allegation set forth in Paragraph 103 of the Complaint.

104. Deny each and every allegation set forth in Paragraph 104 of the Complaint.

105. Deny each and every allegation set forth in Paragraph 105 of the Complaint.

106. Deny each and every allegation set forth in Paragraph 106 of the Complaint.

107. Deny each and every allegation set forth in Paragraph 107 of the Complaint.

108. Deny each and every allegation set forth in Paragraph 108 of the Complaint.

### AS TO AS AND FOR THE THIRD CLAIM

### HARASSMENT BASED ON COLOR IN VIOLATION OF TITLE VII

109. In response to Paragraph 109 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 108 with the same force and effect as though fully set forth herein.

110. Deny each and every allegati.on set forth in Paragraph 110 of the Complaint.

111. Deny each and every allegation set forth in Paragraph 111 of the Complaint.

112. Deny each and every allegation set forth in Paragraph 112 of the Complaint.

113. Deny each and every allegation set forth in Paragraph 113 of the Complaint.

114. Deny each and every allegation set forth in Paragraph 114 of the Complaint.

## AS TO AS AND FOR THE FOURTH CLAIM

## DENIAL OF TERMS AND CONDITIONS BASED ON COLOR

## IN VIOLATION OF TITLE VII

115. In response to Paragraph 115 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 114 with the same force and effect as though fully set forth herein.

116. Deny each and every allegation set forth in Paragraph 116 of the Complaint.

117. Deny each and every allegation set forth in Paragraph 117 of the Complaint.

118. Deny each and every allegation set forth in Paragraph 118 of the Complaint.

119. Deny each and every allegation set forth in Paragraph 119 of the Complaint.

120. Deny each and every allegation set forth in Paragraph 120 of the Complaint.

121. Deny each and every allegation set forth in Paragraph 121 of the Complaint.

## AS TO AS AND FOR THE FIFTH CLAIM

## HARASSMENT BASED ON RACE IN VIOLATION OF NYCHRL

122. In response to Paragraph 122 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 121 with the same force and effect as though fully set forth herein.

123. Deny each and every allegation set forth in Paragraph 123 of the Complaint.

124. Deny each and every allegation set forth in Paragraph 124 of the Complaint.

125. Deny each and every allegation set forth in Paragraph 125 of the Complaint.

126. Deny each and every allegation set forth in Paragraph 126 of the Complaint.

127. Deny each and every allegation set forth in Paragraph 127 of the Complaint.

## AS TO AS AND FOR THE SIXTH CLAIM

## DENIAL OF TERMS AND CONDITIONS BASED ON RACE

## IN VIOLATION OF NYCHRL

128. In response to Paragraph 128 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 127 with the same force and effect as though fully set forth herein.

129. Deny each and every allegation set forth in Paragraph 129 of the Complaint.

130. Deny each and every allegation set forth in Paragraph 130 of the Complaint.

131. Deny each and every allegation set forth in Paragraph 131 of the Complaint.

132. Deny each and every allegation set forth in Paragraph 132 of the Complaint.

133. Deny each and every allegation set forth in Paragraph 133 of the Complaint.

134. Deny each and every allegation set forth in Paragraph 134 of the Complaint.

## AS TO AS AND FOR THE SEVENTH CLAIM

## HARASSMENT BASED ON COLOR IN VIOLATION OF NYCHRL

135. In response to Paragraph 135 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 134 with the same force and effect as though fully set forth herein.

136. Deny each and every allegation set forth in Paragraph 136 of the Complaint.

137. Deny each and every allegation set forth in Paragraph 137 of the Complaint.

138. Deny each and every allegation set forth in Paragraph 138 of the Complaint.

139. Deny each and every allegation set forth in Paragraph 139 of the Complaint.

140. Deny each and every allegation set forth in Paragraph 140 of the Complaint.

<u>AS TO AS AND FOR THE EIGHTH CLAIM</u>

<u>DENIAL OF TERMS AND CONDITIONS BASED ON COLOR</u>

<u>IN VIOLATION OF NYCHRL</u>

141. In response to Paragraph 141 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 140 with the same force and effect as though fully set forth herein.

142. Deny each and every allegation set forth in Paragraph 142 of the Complaint.

143. Deny each and every allegation set forth in Paragraph 143 of the Complaint.

144. Deny each and every allegation set forth in Paragraph 144 of the Complaint.

145. Deny each and every allegation set forth in Paragraph 145 of the Complaint.

146. Deny each and every allegation set forth in Paragraph 146 of the Complaint.

147. Deny each and every allegation set forth in Paragraph 147 of the Complaint.

<u>AS TO AS AND FOR THE NINTH CLAIM</u>

<u>RETALIATION IN VIOLATION OF TITLE VII</u>

148. In response to Paragraph 148 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 147 with the same force and effect as though fully set forth herein.

149. Deny each and every allegation set forth in Paragraph 149 of the Complaint.

150. Deny each and every allegation set forth in Paragraph 150 of the Complaint.

151. Deny each and every allegation set forth in Paragraph 151 of the Complaint.

152. Deny each and every allegation set forth in Paragraph 152 of the Complaint.

<u>AS TO AS AND FOR THE TENTH CLAIM</u>

RETALIATION IN VIOLATION OF TITLE VII

153. In response to Paragraph 153 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 152 with the same force and effect as though fully set forth herein.

154. Deny each and every allegation set forth in Paragraph 154 of the Complaint.

155. Deny each and every allegation set forth in Paragraph 155 of the Complaint.

156. Deny each and every allegation set forth in Paragraph 156 of the Complaint.

157. Deny each and every allegation set forth in Paragraph 157 of the Complaint.

AS TO AS AND FOR THE ELEVENTH CLAIM

RETALIATION IN VIOLATION OF NYCHRL

158. In response to Paragraph 158 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 157 with the same force and effect as though fully set forth herein.

159. Deny each and every allegation set forth in Paragraph 159 of the Complaint.

160. Deny each and every allegation set forth in Paragraph 160 of the Complaint.

161. Deny each and every allegation set forth in Paragraph 161 of the Complaint.

162. Deny each and every allegation set forth in Paragraph 162 of the Complaint.

AS TO AS AND FOR THE TWELFTH CLAIM

RETALIATION IN VIOLATION OF NYCHRL

163. In response to Paragraph 163 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 162 with the same force and effect as though fully set forth herein.

164. Deny each and every allegation set forth in Paragraph 164 of the Complaint.

165. Deny each and every allegation set forth in Paragraph 165 of the Complaint.

166. Deny each and every allegation set forth in Paragraph 166 of the Complaint.

167. Deny each and every allegation set forth in Paragraph 167 of the Complaint.

### AS TO PRAYER FOR RELIEF

168. Deny each and every allegation set forth in Paragraphs (1) through (6) of Plaintiff's Prayer for Relief and further denies that Plaintiff is entitled to the remedies or relief sought in Paragraphs (1) through (6) of Plaintiff's Prayer for Relief.

### AS TO DEMAND FOR TRIAL BY JURY

169. Defendants reserve their response to Plaintiff's jury demand at this time.

### AFFIRMATIVE DEFENSES

Defendants assert they only bear the burden of proof on those matters identified as affirmative defenses in Rule 8(c) of the Federal Rules of Procedure. Defendants set forth their defenses to Plaintiff's claims as follows:

### FIRST AFFIRMATIVE DEFENSE

170. The Complaint, or portions thereof, fails to state a claim upon which relief can be granted or upon which the damages sought can be awarded.

### SECOND AFFIRMATIVE DEFENSE

171. At all times relevant hereto, Defendants have acted in good faith and have not violated any rights which may be secured by Plaintiff under any applicable federal, state or local law, rule, regulation or guideline.

### THIRD AFFIRMATIVE DEFENSE

172. Any and all actions taken by Defendants with respect to Plaintiff's employment were based on legitimate, non-discriminatory business reasons and were without any discriminatory animus.

### FOURTH AFFIRMATIVE DEFENSE

173. The Complaint fails to establish any evidence of race and color discrimination. Any and all actions taken with regard to Plaintiff were based on legitimate business decisions totally unrelated to Plaintiff's race and color and were without any discriminatory animus.

### FIFTH AFFIRMATIVE DEFENSE

174. The Complaint fails to establish any evidence of retaliation. Any and all actions taken with regard to Plaintiff were based on legitimate business decisions and were without any retaliatory animus.

### SIXTH AFFIRMATIVE DEFENSE

175. Plaintiff was at no time employed by Engle or Carpetto.

176. Engle and Carpetto are not proper party defendants herein.

### SEVENTH AFFIRMATIVE DEFENSE

177. All or part of the damages sought are not available under the federal or local laws upon which this Complaint is based.

### EIGHTH AFFIRMATIVE DEFENSE

178. The Complaint, or portions thereof, is barred by Plaintiff's own actions.

NINTH AFFIRMATIVE DEFENSE

179. Plaintiff's claims for punitive damages are barred in that Defendants did not act maliciously or with reckless indifference toward Plaintiff.

TENTH AFFIRMATIVE DEFENSE

180. Plaintiff's claims for damages are barred in that he has failed to mitigate his alleged damages, if any.

WHEREFORE, Defendants respectfully pray that the Court:

    (a) Enter judgment dismissing the Complaint in its entirety;

    (b) Deny the demands and requests for relief contained in the Complaint;

    (c) Award Defendants reasonable attorneys' fees, costs and disbursements; and

    (d) Grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 12, 2007

**JPMorgan Chase Legal & Compliance Department**

By: _____Stacey L. Blecher_____
Stacey L. Blecher
Attorney(s) for Defendants
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-3814
Stacey.L.Blecher@Chase.com

TO: **Mark B. Stumer & Associates, PC**
Mark B. Stumer, Esq.
Attorney(s) for Plaintiff
200 Park Avenue South, Suite 1511
New York, New York 10003
(212) 633-2225
Wwym@aol.com

163188:v1

17