UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x   07 CIV 9547 (SHS)
JOHN D. SAMUEL,

        Plaintiff,

  -against-

JP MORGAN CHASE BANK, THOMAS ENGLE,
and AL CARPETTO

        Defendant.
---------------------------------------------------------------x

## PLAINTIFF JOHN D. SAMUEL'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff, John D. Samuel (hereafter "Samuel"), requests Defendants, JP Morgan Chase Bank, Thomas Engle and Al Carpetto (hereafter collectively referred to as "Defendant" or "JP Morgan" unless specifically referred to individually herein), respond to the following Interrogatories. The answers to the interrogatories must be in writing and under oath. The answers and objections, if any, must be served within thirty (30) days on attorney Mark B. Stumer, Esq. at the law office of Mark B. Stumer & Associates, PC, 200 Park Avenue South, Suite 1511, New York, New York 10003.

### INSTRUCTIONS

1. In answering these Interrogatories, furnish all information available to you, including information that is known by, possessed by or available to any of your attorneys, consultants, representatives, agents and all others acting on your behalf.

2. If you are unable to answer fully any of these Interrogatories, you must answer them to the fullest extent possible, specifying the reason(s) for your inability to answer the remainder and stating whatever information, knowledge, or belief you have concerning the unanswerable portion.

1

3. For each Interrogatory and subpart of each Interrogatory, if the information furnished in your answer is not within your personal knowledge identify each person to whom the information is a matter of personal knowledge, if known.

4. If any information falling within any description contained in any of the following requests is withheld under claim of privilege, the Defendant as part of its response shall serve upon the undersigned attorney a written description of the withheld information, including the following information as to each such item: (a) its date; (b) the name(s) of the person(s) who drafted, authored or prepared, or communicated it; (c) the title of the document, if the information is in document form; (d) the name(s) of the person(s) to whom it was addressed, communicated, or intended; (e) its subject matter; (f) the name of each person to whom the item or communication or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given, communicated or in any other matter disclosed; (g) a statement of the ground or grounds on which each such document is considered to be privileged from production; and (h) the name of each person with knowledge of the information. Any portion of a document or any part of an answer not privileged or excludable shall be furnished or set forth.

5. If you choose to produce documents under Rule 33(d), in lieu of providing written answers to some or all of these Interrogatories, organize all documents produced according to the specific Interrogatory to which the document is responsive.

6. The Interrogatories are to be considered as continuing, and you are requested to provide by way of supplemental answers or responses such information as you or any other person acting on your behalf may obtain which will supplement or otherwise modify your answers or responses to the Interrogatories. Such supplemental answers and responses are to be filed and served on Plaintiff immediately upon learning such information.

7.  In responding to these interrogatories, defendant should list the full text of the interrogatory that it is responding to, followed by defendant's answer.

## DEFINITIONS

1. For the purpose of these Interrogatories (collectively referred to as "Requests" and individually referred to as "Request"), the term "document" or "documents" or "record" or "records" shall mean the original and any non-identical copy and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, whether or not sent or received, and all copies thereof that are different in any way from the original (whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), including, without limitation, any paper, book, booklet, periodical, written description, account, photograph, blue print, drawing, sketch, schematic agreement, contract, memorandum, press release, circular, advertising material, correspondence, letter, telegram, telex, object, email, report, opinion, investigation, record, transcription, hearing, meeting, study, note, notation, memo book entry, journal entry, board minutes, board resolution, working paper, summary, intra-office communication, diary, chart, index sheet, computer software, check, check stub, delivery ticket, bill of lading, invoice, records or recording or summary of any telephone or other conversations, of any interview, or of any conference, or of any written recorded, transcribed, punched, taped, videotaped, filmed graphic matter or any other date compilation from which information can be obtained, translated, transmitted or transcribed, of which Defendant, its attorneys or agents has or has had possession, custody, or control, or of which Defendant, its attorneys or agents has any knowledge.

2. The term "document" or "documents" also includes all computerized records, including, but not limited to email and all data stored on hardware, software, diskettes or any media of any type.

3. A document "refers, reflects or relates to" a subject, person or organization if it was written by,

refers to, has been made available to or in any other way relates to or is connected with the subject, person or organization, either in whole or in part.

4. "Person" means natural persons, proprietorships, partnerships, firms, corporations, institutions, bodies, joint ventures, estates, trusts, receivers, public corporations, other forms of legal entity, municipal corporations, federal, state and local governments, all departments and agencies thereof, and any other governmental agencies, political subdivisions, groups, associations or organizations, and any other group or combination acting as an entity.

5. The term "communication" includes both oral and written communication.

6. The term "personnel files" or "personnel file" means not only applications for employment, employment history, evaluations, compensation and the like, commonly kept in some central place and called by that name or something similar, but also all other documents concerning or primarily concerning the person referred to, regardless of where kept and regardless of by whom prepared, including notes taken during conversations with the person, notes taken during conversations about the person, memoranda and letters exchanged with the person and those exchanged with other persons but concerning the person, correspondence with any state employment service concerning the person, records of all communications with other employees concerning the person, investigative files and reports concerning the person identified.

7. The term "employees" or "employee" refers to any person including all officers, consultants, executives, managers, supervisors, professionals and any other person who is or has been employed by Defendant on a full or part-time basis and on a temporary or permanent basis.

8. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular.

9. These Requests are to be regarded as continuing in character, so as to require additional or

supplemental responses if further information as to the information requested herein is obtained after the initial response is served. Such additional or supplemental responses are to be served no later than twenty (20) days after such additional information is received, and in no event later than twenty (20) days prior to any relevant trial, evidentiary or motion hearing. Objection will be made to the use and introduction into evidence of any document not previously provided pursuant to this notice and to the testimony or any witness not previously identified pursuant to this notice.

10. As used herein, the term "Defendant" refers to all of the Defendants collectively (unless specifically referred to individually herein) and to each person who, with respect to the subject matter of a particular Request, was acting on their behalf, including but not limited to any consultants, experts, investigators, agents or other persons acting on its behalf.

11. The term "Plaintiff" refers to John D. Samuel.

12. Unless otherwise specified, documents are to be produced for the relevant time period from January 1, 2001 to the present.

## INTERROGATORIES

1. Identify all employees, agents, or any other individuals whom engaged in any investigation of the facts alleged in the Complaint. This interrogatory includes, but is not limited to, information regarding any inquiry done up until the present time.

2. Identify any employees, agents, or any other individuals whom engaged in any investigation of the facts alleged in the Complaint in this action. This interrogatory includes, but is not limited to, information regarding any inquiry done up until the present time.

3. Identify each individual who participated in setting the Plaintiff's compensation, including, but not limited to, his base salary and all commissions and bonuses while the Plaintiff was employed for the Defendant in the Western Hemisphere Sales Department ("WHEM").

4.   Identify each individual who participated in setting work performance goals for the Plaintiff while the Plaintiff was employed for the Defendant in WHEM Department.

5.   Identify each individual who served as Plaintiff's Supervisor while the Plaintiff was employed for the Defendant in WHEM Department.

6.   State the specific reasons for terminating the Plaintiff's employment with the Defendant and identify the person(s) that participated in that decision. This Interrogatory includes a request for the rationale regarding such decision.

7.   State the specific reasons why the Defendant decided that the Plaintiff should resign from his employment with the Defendant and identify the person(s) that participated in that decision. This Interrogatory includes a request for the rationale regarding such decision.

8.   Identify all individuals that have been employed with the Defendant in the WHEM Department during the relevant time period and for each individual identified include their:

(a) Name; (b) Age; (c) Race; (d) National Origin; (e) Title; (e) the amount of base salary paid to them for the years commencing 2001 through 2007; (f) and the amount of all commissions, bonuses and all other monetary compensation paid to them for the years commencing 2001 through 2007; and (g) all non-monetary compensation and benefits given to them for the years commencing 2001 through 2007.

9.   For each individual Identified in response to Interrogatory No. 8, state the Defendant's specific rationale for providing that individual with a greater yearly monetary compensation for each year as compared to the yearly monetary compensation provided to the Plaintiff.

10.  For each individual Identified in response to Interrogatory No. 8, state the Defendant's specific rationale for providing a greater non-monetary compensation to that individual as compared to the Plaintiff.

11. Identify the Vice-Presidents employed in the WHEM Department that had client interaction and for each individual identified include their:

(a) Name; (b) Age; (c) Race; (d) National Origin; and (e) Title.

12. For each of the individuals listed below, state (i) whether they resigned or were terminated and (ii) the reason(s) given for their resignation or termination:

(a) Suhki Otohwo;

(b) Bruck Legesse;

(c) Shawn Barrett;

(d) Lincoln Fritz;

(e) John Lindsey; and

(f) Peter Clunie.

13. State whether the Defendant ever interviewed the Plaintiff in response to a coworkers complaint of discrimination and, if so, Identify the (i) the name of coworker; (ii) the nature of that complaint; (iii) the date the Plaintiff was interviewed; (iv) the name of the interviewer; and (v) the action taken by the Defendant in response to that coworkers discrimination complaint.

14. Provide a list of all individuals contacted, and/or interviewed by defendant or defendant's agents in connection with any inquiry or investigation into allegations, claims, or charges of discrimination by the Plaintiff as stated in the Complaint. For each such witness so identified, provide the individual's most current address and telephone number, and his or her social security number.

15. In reference to Paragraph 171 of the Defendant's Answer dated December 12, 2007, served in this action, state the specific action(s) taken by the Defendant in concluding, "Defendants have acted in good faith . . . ."

16. In reference to Paragraph 172 of the Defendant's Answer dated December 12, 2007, served in this action, state the specific, "legitimate, nondiscriminatory business reasons" referred to therein.

17. In reference to Paragraph 173 of the Defendant's Answer dated December 12, 2007, served in this action, state the specific, "legitimate business decisions" referred to therein.

18. State whether defendant expects to call an expert witness at trial in this case. For each such expert that defendant expects to call, provide the following information:

    a) the name;

    b) degree, education, or expertise; and

    c) a brief summary of the substance of the expert's testimony.

19. State any and all information, not provided in response to a previous Interrogatory, that the Defendant relies on in support of their assertion that the termination of the Plaintiff was not based on the Plaintiff's race or color.

Dated: New York, New York
       December 26, 2007

Respectfully submitted,
Mark B. Stumer & Associates, P.C.

Mark B. Stumer, Esq. (MBS-6027)
Attorney for Plaintiff
200 Park Avenue South, Suite 1511
New York, New York 10003
(212) 633-2225

To: Stacey L. Blecher
JPMorgan Chase Legal Department
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x   07 CIV 9547 (SHS)

JOHN D. SAMUEL,

        Plaintiff,

-against-                                                                            **AFFIDAVIT OF SERVICE**

JP MORGAN CHASE BANK, THOMAS ENGLE,
and AL CARPETTO

        Defendant.
----------------------------------------------------------------x

Shira Marshall, being duly sworn, deposes and says:

1. That I am not a party to the above entitled action; I am over the age of 18; and I am a legal assistance employed with the law firm of Mark B. Stumer & Associates, P.C..

2. That on the 27th day of December 2007, I deposited a copy of the annexed (i) PLAINTFF JOHN D. SAMUEL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS; (ii) PLAINITFF JOHN D. SAMUEL'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS; (iii) DEPOSITION NOTICE FOR AL CARPETTO; and (iv) DEPOSITION NOTICE FOR THOMAS ENGLE in the above entitled action, copies of which are annexed hereto, enclosed in a first class wrapper, with proper postage addressed to: Stacey Blecher, Esq., JPMorgan Chase Legal Department, One Chase Manhattan Plaza, Floor 26, New York, New York 10081, in an official Postal deposit box located in the City of New York, State of New York under the exclusive care and custody of the United States Post Office Department.

_____
Shira Marshall

Sworn to before me this 27th day of
December, 2007;

_____
Notary Public

MARK B. STUMER
Notary Public, State of New York
No. 02ST5044470
Qualified in New York County
Commission Expires May 30, 20__