UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x   07 CIV 9547 (SHS)
JOHN D. SAMUEL,

                Plaintiff,

-against-

JP MORGAN CHASE BANK, THOMAS ENGLE,
and AL CARPETTO

                Defendant.
----------------------------------------------------------------x

## PLAINTIFF JOHN D. SAMUEL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff, John D. Samuel (hereafter "Samuel"), requests Defendants, JP Morgan Chase Bank, Thomas Engle and Al Carpetto (hereafter collectively referred to as "Defendant" or "JP Morgan" unless specifically referred to individually herein), to respond and produce the records designated herein within thirty (30) days of service. Production is to be made to attorney Mark B. Stumer, Esq., at Mark B. Stumer & Associates, PC, 200 Park Avenue South, Suite 1511, New York, New York 10003.

## INSTRUCTIONS AND DEFINITIONS

1.     For the purpose of these Document Requests (collectively referred to as "Requests" and individually referred to as "Request"), the term "document" or "documents" or "record" or "records" shall mean the original and any non-identical copy and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, whether or not sent or received, and all copies thereof that are different in any way from the original (whether by interlineation, receipt stamp, notation, indication of copies sent

1

or received, or otherwise), including, without limitation, any paper, book, booklet, periodical, written description, account, photograph, blue print, drawing, sketch, schematic agreement, contract, memorandum, press release, circular, advertising material, correspondence, letter, telegram, telex, object, email, report, opinion, investigation, record, transcription, hearing, meeting, study, note, notation, memo book entry, journal entry, board minutes, board resolution, working paper, summary, intra-office communication, diary, chart, index sheet, computer software, check, check stub, delivery ticket, bill of lading, invoice, records or recording or summary of any telephone or other conversations, of any interview, or of any conference, or of any written recorded, transcribed, punched, taped, videotaped, filmed graphic matter or any other date compilation from which information can be obtained, translated, transmitted or transcribed, of which Defendant, its attorneys or agents has or has had possession, custody, or control, or of which Defendant, its attorneys or agents has any knowledge.

2. The term "document" or "documents" also includes all computerized records and files, including, but not limited to email and all data stored on hardware, software, diskettes or any media of any type.

3. A document "refers, reflects or relates to" a subject, person or organization if it was written by, refers to, has been made available to or in any other way relates to or is connected with the subject, person or organization, either in whole or in part.

4. "Person" means natural persons, proprietorships, partnerships, firms, corporations, institutions, bodies, joint ventures, estates, trusts, receivers, public corporations, other forms of legal entity, municipal corporations, federal, state and local governments, all departments and agencies thereof, and any other governmental agencies, political

subdivisions, groups, associations or organizations, and any other group or combination acting as an entity.

5. The term "communication" includes both oral and written communication.

6. The term "personnel files" or "personnel file" means not only applications for employment, employment history, evaluations, compensation and the like, commonly kept in some central place and called by that name or something similar, but also all other documents concerning or primarily concerning the person referred to, regardless of where kept and regardless of by whom prepared, including notes taken during conversations with the person, notes taken during conversations about the person, memoranda and letters exchanged with the person and those exchanged with other persons but concerning the person, correspondence with any state employment service concerning the person, records of all communications with other employees concerning the person, investigative files and reports concerning the person identified.

7. The term "employees" or "employee" refers to any person including all officers, consultants, executives, managers, supervisors, professionals and any other person who is or has been employed by Defendant on a full or part-time basis and on a temporary or permanent basis.

8. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular.

9. These Requests are to be regarded as continuing in character, so as to require additional or supplemental responses if further information as to the information requested herein is obtained after the initial response is served. Such additional or supplemental responses are to be served no later than twenty (20) days after such additional information is

received, and in no event later than fifteen (15) days prior to any relevant trial, evidentiary or motion hearing. Objection will be made to the use and introduction into evidence of any document not previously provided pursuant to this notice and to the testimony or any witness not previously identified pursuant to this notice.

10. If any document responsive to any Request has been lost, mutilated or destroyed, so state and identify each such document, provide the date the document was lost, mutilated or destroyed, and state to which Request(s) or part thereof, the document would have been responsive.

11. If there are no documents in your possession, custody or control which are responsive to a particular Request or part thereof, so state and identify such Request or part thereof.

12. "Identify" with respect to a document means to give, to the extent known, the (a) type of document; (b) general subject matter of the document; (c) the date of the document; and (d) author(s), addressee(s) or recipient(s) of the document.

13. If any document falling within any description contained in any of the following Requests is withheld under claim of privilege, the Defendant as part of its response shall serve upon the undersigned attorney a written list of the withheld documents, including the following information as to each such item: (a) its date; (b) the name(s) of the person(s) who drafted, authorized or prepared it; (c) the document's title; (d) the name(s) of the person(s) to whom it was addressed or intended; (e) its subject matter; (f) the name of each person to whom the item or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given or in any other matter disclosed; and (g) a statement of the ground or grounds on which each such document is considered to be privileged from production.

14. If the requested documents are known to the Defendant to exist, but are not in the possession, custody, or control of the Defendant, its officers, elected officials, executives, directors, managers, supervisors, agents and/or attorneys, the Defendant shall so indicate and/or produce documents that show the name of the person or entity having custody of such documents.

15. As used herein, the term "JP Morgan" or "Defendant" refers to all of the Defendants collectively and to each person who, with respect to the subject matter of a particular Request, was acting on their behalf, including but not limited to any consultants, experts, investigators, agents or other persons acting on its behalf.

16. The term "Plaintiff" refers to John D. Samuel.

17. Unless otherwise specified, documents are to be produced for the relevant time period from January 1, 2001 to the present.

## DOCUMENTS TO BE PRODUCED

1. Pursuant to Definition No. 4, any and all documents identifying the person(s) involved with setting the terms, conditions or privileges of employment for the Plaintiff.

2. Pursuant to Definition No. 4, any and all documents identifying the person(s) involved with setting the terms, conditions or privileges of employment for employees working in the Western Hemisphere Sales Department ("WHEM") of JP Morgan.

3. Any and all documents that reflect or relate to the management structure of Defendant JP Morgan in including, but not limited to, all organizational charts.

4. Pursuant to Definition Nos. 6 and 7, personnel files of all employees that worked for JP Morgan in the WHEM department at any time during the relevant time period.

5.  Any and all documents that indicate compensation paid to each and every person working in the WHEM Department during the relevant time period.

6.  Any and all documents that refer, reflect or relate to work performance for each and every person working in the WHEM Department during the relevant time period.

7.  Any and all documents that refer, reflect or relate to any and all written or verbal internal complaints, grievances, allegations or charges, formal or informal, made by any employee regarding or pertaining to employment discrimination based on race for the relevant time period.

8.  Any and all documents that relate to any investigation of any written or verbal internal complaint, grievance, allegation, or charge, formal or informal, concerning employment discrimination based on race at JP Morgan

9.  Any and all documents that refer, reflect or relate to any and all charge(s) with any and all governmental agencies and/or lawsuit(s) made or filed by any and all employee(s) concerning employment discrimination at JP Morgan.

10. Any and all personnel manual(s) or handbook(s) which Defendant gave or gives to its employee(s).

11. Any and all training materials, education materials and/or policies or procedures relating to anti-discrimination or anti- harassment that Defendant gave or gives to employees

12. Any and all documents which reflect that Defendant gave the Plaintiff copies of any and all of the documents, if any, produced in response to Document Request Nos. 10 and 11.

13. Pursuant to definition 7, any and all documents that refer, reflect or relate to Defendant's training, if any, for employees against discrimination and harassment.

14. Any and all documents that refer, reflect or relate to any and all employee(s) receiving training and/or education relating to anti-discrimination and/or anti-harassment from JP Morgan.

15. Any and all policies and/or procedures regarding the process(es) and/or procedure(s), if any, by which employee(s) could make internal complaint(s) or grievance(s) regarding employment discrimination, including, but not limited to harassment based on race.

16. Other than documents produced in response to Document Request No. 15, any and all documents that refer, reflect or relate to Defendant's training, if any, for employees regarding its complaint procedures.

17. Any and all documents that refer or reflect that any employee received training and/or education relating to Defendant's complaint procedure(s).

18. Any and all written guidelines, directions or instructions for conducting investigations of internal employment discrimination claim(s), complaint(s) or grievance(s) made by an employee, including, but not limited to disability discrimination or harassment.

19. Any and all personnel file(s), disciplinary file(s), supervisory file(s) and other file(s) related to: (a) Thomas Engle, (b) Al Carpetto, (c) John D. Samuel, (d) Caroline Cunningham, (e) Ivy Tsui, (f) Frank Fogliano, (g) Paul Trupia, (h) Victor Nigro, (i) Michael Fossaceca, (j) Dzintra Austerlade, (k) Melissa Howard, (l) Frankie Lam, (m) Susan Chu, (n) Cornell Pinkney, (o) Carl Shismanian, (p) Grace Delia, (q) Sonia Ashwood, (r) Tim Marek, (s) Shawn Barrett, (t) Steve Wilder, (u) Richard Murray, (v) Casey Meskers, (w) Jeremy Edwards, (x) Lori Hrick, (y) Jae Kim, (z) Gary Schechter, (i) Michael Wolf, and (ii) all individuals employed by JP Morgan working within the WHEM Department during the relevant time period.

20. Other than documents produced in response to Document Request No. 19, any and all documents related to concerns about or complaints against: (a) Thomas Engle, (b) Al Carpetto, and (c) John D. Samuel.

21. Other than documents produced in response to Document Request Nos. 19 and 20, any

and all documents that refer, reflect or relate to the title, position, work schedule, duties and/or responsibilities of (a) Thomas Engle, (b) Al Carpetto, and (c) John D. Samuel.

22. Any and all documents that refer, reflect or relate to any investigation conducted by Defendant and/or its agent(s) regarding or relating to the Plaintiff.

23. Any and all documents on which Defendant relied in making disclosures pursuant to Fed R. Civ. P. 26(a)(1).

24. Other than documents produced in response to Document Request No. 1-23, any and all documents that refer, reflect or relate to the Defendant's defenses as asserted in their Answer dated December 12, 2007.

Dated: New York, New York
       December 26, 2007

Respectfully submitted,
Mark B. Stumer & Associates, P.C.

_____
Mark B. Stumer, Esq. (MBS-6027)
Attorney for Plaintiff
200 Park Avenue South, Suite 1511
New York, New York 10003
(212) 633-2225

To:   Stacey L. Blecher
      JPMorgan Chase Legal Department
      One Chase Manhattan Plaza, 26th Floor
      New York, New York 10081

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x  07 CIV 9547 (SHS)
JOHN D. SAMUEL,

                Plaintiff,

  -against-
                                              **AFFIDAVIT OF SERVICE**

JP MORGAN CHASE BANK, THOMAS ENGLE,
and AL CARPETTO

                Defendant.
------------------------------------------------------------x

Shira Marshall, being duly sworn, deposes and says:

    1. That I am not a party to the above entitled action; I am over the age of 18; and I am a legal assistance employed with the law firm of Mark B. Stumer & Associates, P.C..

    2. That on the 27th day of December 2007, I deposited a copy of the annexed (i) PLAINTFF JOHN D. SAMUEL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS; (ii) PLAINITFF JOHN D. SAMUEL'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS; (iii) DEPOSITION NOTICE FOR AL CARPETTO; and (iv) DEPOSITION NOTICE FOR THOMAS ENGLE in the above entitled action, copies of which are annexed hereto, enclosed in a first class wrapper, with proper postage addressed to: Stacey Blecher, Esq., JPMorgan Chase Legal Department, One Chase Manhattan Plaza, Floor 26, New York, New York 10081, in an official Postal deposit box located in the City of New York, State of New York under the exclusive care and custody of the United States Post Office Department.

_____
Shira Marshall

Sworn to before me this 27th day of December, 2007;

_____
Notary Public

MARK B. STUMER
Notary Public, State of New York
No. 02ST5044470
Qualified in New York County
Commission Expires May 30, 20 11